IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOM FRANKLIN | : CIVIL ACTION |
| v. | : |
| GMAC MORTGAGE | : NO. 13-171 |

MEMORANDUM

YOHN, J.                                                FEBRUARY 4, 2013

Plaintiff Tom Franklin, a resident of Texas, filed this civil action against GMAC Mortgage ("GMAC"). He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint without prejudice.

Plaintiff's claims arise out of foreclosure proceedings, which were apparently instituted against him by GMAC in connection with property he owns in Texas. Plaintiff alleges that, by proceeding with foreclosure proceedings, GMAC violated two Georgia statutes, Ga. Code Ann. § 23-2-114 & § 51-1-8. He also alleges that GMAC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b), by "fail[ing] to validate the debt." (Compl. at 2.) Plaintiff asks this Court to stay the foreclosure proceedings and seeks $10 million in damages "for illegal foreclosure practices." (Id. at 4.)

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it

1

is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted).

In his complaint, plaintiff quotes statutes he believes GMAC to have violated, and cites legal authority. However, references to statutes and conclusory assertions that the defendant violated those statutes are insufficient to state a claim. Instead, a plaintiff must allege sufficient factual matter to establish that the defendant violated the law. Plaintiff has not done so in this case. Furthermore, as nothing in the complaint suggests any connection to Georgia, there is no apparent basis for a claim under Georgia law. Additionally, plaintiff is not entitled to injunctive relief under the FDCPA. See Weiss v. Regal Collections, 385 F.3d 337, 341 (3d Cir. 2004) (holding that

2

neither injunctive nor declaratory relief is available to private litigants under the FDCPA).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, plaintiff will be given the opportunity to file an amended complaint in the event that he can cure any of the above deficiencies. An appropriate order follows.